UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FINJAN, INC.,

        Plaintiff,

    v.

ZSCALER, INC.,

        Defendant.

Case No. 17-cv-06946-JST

**ORDER DENYING DEFENDANT ZSCALER, INC.'S MOTION TO EXTEND TIME**

Re: ECF No. 55

Defendant Zscaler, Inc., now moves to extend the time by which it must serve its Patent Local Rule 3-3 invalidity contentions and produce its Patent Local Rule 3-4(b) associated prior art. ECF No. 55. These items are currently due by July 2, 2018. The Court will deny the request.

Zscaler bases its request on its contention that Finjan's infringement contentions are inadequate, and Zscaler's stated intention to file a motion to compel Finjan to serve amended contentions. *Id.* at 2. Zscaler cites several cases in which courts have stayed service of invalidity contentions because the patentee's infringement contentions were inadequate. In each of those cases, however, the court actually *found* that the infringement contentions were inadequate. *Infineon Techs. v. Volterra Semiconductor*, No. C 11-6239 MMC DMR, 2012 WL 4808445 (N.D. Cal. Oct. 9, 2012); *Implicit Networks Inc. v. Hewlett-Packard Co.*, No. C 10-03746 SI, 2011 WL 3954809 (N.D. Cal. Sept. 7, 2011); *Tessenderlo Kerley, Inc. v. OR-Cal, Inc.*, No. C 11-04100 WHA, 2012 WL 1253178 (N.D. Cal. Apr. 13, 2012). Here, that question has yet to be determined.[1]

---

[1] The Court has a separate concern with Zscaler's motion: it contains text in 12-point Times New Roman font, but appears to use condensed character spacing in an attempt to evade the rules regarding page length.

Of course, and without deciding the question now, if Finjan is ordered to amend its infringement contentions, Zscaler may then seek leave to amend its invalidity contentions if there is good cause for the amendment. *See, e.g.*, *DCG Sys. v. Checkpoint Techs., LLC*, No. C 11-03792 PSG, 2012 WL 1309161, at *3 (N.D. Cal. Apr. 16, 2012) (permitting amendment of infringement

---

Civil Local Rule 6-3(a) provides, in relevant part, "A motion to enlarge or shorten time may be no more than 5 pages in length." Civil Local Rule 3-4(c)(2) provides, with respect to papers presented for filing:

> Text must appear on one side only and must be double-spaced with no more than 28 lines per page, except for the identification of counsel, title of the case, footnotes and quotations. Typewritten text may be no less than standard pica or 12-point type in the Courier font or equivalent, spaced 10 characters per horizontal inch. Printed text, produced on a word processor or other computer, may be proportionally spaced, provided the type may not be smaller than 12-point standard font (e.g., Times New Roman). The text of footnotes and quotations must also conform to these font requirements.

Because Zscaler's motion uses condensed character spacing, it fits into five pages more than five pages' worth of text. For example, the following passage occupies four-and-one-half lines in Zscaler's motion, but correctly spaced, it occupies more than five lines:

> As an alternative, Zscaler asked—if Finjan would prefer that the motion to compel be heard on shortened time—whether it would agree to a stipulated request to shorten time on Zscaler's motion to compel, such that it could be filed by June 28, and briefed and heard by either July 12 or July 19. *Id.* Finjan sent an email stating that it would not agree either to Zscaler's proposed extensions or to stipulate for a request to shorten time for hearing of Zscaler's motion to compel. *Id.* ¶ 10.[1]

ECF No. 55 at 4. Because Zscaler's brief would have been longer than five pages had it complied with Local Rule 3-4(c)(2), the brief is effectively overlength.

The Court is unused to concerning itself with the rules regarding font sizes and character spacing, but those rules are important. For one thing, the use of condensed text makes a party's briefs more difficult to read. More fundamentally, it also potentially gives the filing party an unfair advantage by allowing it to present a more fulsome argument than it otherwise could, and increases the burden on the Court and the parties to read, digest, and respond to that party's argument.

The Court could have stricken or denied Zscaler's brief on this basis. Because the Court is denying Zscaler's motion on the merits, however, it instead includes this footnote in hopes that the parties will comply with the rules in the future.

contentions even though it might "force [defendant] to . . . amend its invalidity contentions);

*Vasudevan Software, Inc. v. Int'l Bus. Machines Corp.*, No. C09-05897 RS HRL, 2011 WL

940263, at *3 (N.D. Cal. Feb. 18, 2011) (recognizing that amendment to infringement contentions

might require amendment of invalidity contentions). As of now, however, that question is

premature.

       Zscaler's motion is denied.

       **IT IS SO ORDERED.**

Dated: June 27, 2018

                                        JON S. TIGAR
                             United States District Judge