UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC., <br> Plaintiff, <br> v. <br> ZSCALER, INC., <br> Defendant. | Case No. 17-cv-06946-JST <br><br> **ORDER GRANTING MOTION TO COMPEL** <br><br> Re: ECF No. 61 |

Before the Court is Defendant Zscaler, Inc.'s motion to compel further infringement contentions. ECF No. 61. For the reasons stated below, the Court GRANTS the motion.

## I. BACKGROUND

Plaintiff Finjan, Inc. and Zscaler are competitors in the malware security field. ECF No. 1 ¶¶ 7, 26. Finjan alleges that Zscaler's products infringe four patents owned by Finjan: U.S. Patent Nos. 6,804,780 ("the '780 patent"); 7,647,633 ("the '633 patent"); 8,677,494 ("the '494 patent"); and 7,975,305 ("the '305 patent"). *Id.* ¶ 21. Finjan served its infringement contentions on May 9, 2018. ECF No. 46-3. Zscaler now moves the Court to order "Finjan to revise its infringement contentions to identify, for each item called for in each asserted claim, the specific component or data structure within Zscaler's system that constitutes the claimed item, arranged in the manner called for in the claim." *Id.*

## II. LEGAL STANDARD

To satisfy Patent Local Rule 3–1, a "plaintiff [must] compare an accused product to its patents on a claim by claim, element by element basis for at least one of each defendant's products." *Tessenderlo Kerley, Inc. v. OR-Cal, Inc.*, No. C 11-04100 WHA, 2012 WL 1253178, at *2 (N.D. Cal. Apr. 13, 2012) (citations omitted). The rule forces parties to "crystallize their

theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Alberta Telecommunications Research Ctr. v. Rambus Inc.*, No. C06-02595 RMWRS, 2007 WL 4170564, at *1 (N.D. Cal. Nov. 19, 2007). Specifically, Patent Local Rule 3–1(c) requires the plaintiff to produce a "chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality." Patent L.R. 3–1(c). "This burden cannot be met simply by parroting claim language or referencing screenshots and/or website content." *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2015 WL 1517920, at *6 (N.D. Cal. Apr. 2, 2015). "[T]he degree of specificity under Local Rule 3–1 must be sufficient to provide reasonable notice to the defendant [as to] why the plaintiff believes it has a 'reasonable chance of proving infringement.'" *Id.* at *2 (citations omitted).

### III. DISCUSSION

Zscaler argues that Finjan's infringement contentions are largely comprised of generic marketing literature, screenshots, and websites – presented at a high level – without explanations as to how Zscaler's products specifically infringe particular claim elements. ECF No. 61 at 6. Finjan highlights a few of the many contentions it finds deficient. *Id.* The Court agrees the contentions as a whole are insufficient to put Zscaler on notice of how its products specifically infringe the patent claims at issue.

#### A. The '633 Patent

The '633 patent claims a system for transmitting "mobile protection code" to a computer to which downloadable information is sent if that downloadable information is determined to contain executable code. *Id.* at 7. In order to satisfy Rule 3-1, Finjan's contentions must describe the "structure, act or material," of Zscaler's products that allegedly infringe each claim element. *Finjan*, 2015 WL 1517920, at *2. Zscaler argues that Finjan fails to specify precisely what in Zscaler's products transmits "mobile protection code." ECF No. 61 at 7. Finjan's contentions explain that mobile protection code is "code and information pertaining to the task and parameters." *Id.* The contentions also specify that the code "is executable and includes

2

information using API's[1] . . . , parameters to run the sample file or URL, a hash of the file, [and] information contained in a JSON file which includes information regarding the sample or URL." ECF No. 65 at 7-8. These details explain what mobile protection code is, but do not explain how any Zscaler product transmits such code.

While the contentions purport to describe how Zscaler's products send mobile protection code, a closer examination makes clear that the contentions lack any meaningful, clear, or specific description. The contentions describe that Zscaler's Cloud Architecture Products send mobile protection code and downloadable information to sandbox servers "as shown below." *Id.* at 8. But the text below sheds no light on any particular structure, act or material that sends mobile protection code. ECF No. 61-2 at 61. The only reference to the sandbox in the text below provides: "With the exception of sandboxing, all inspection engines run within the ZEN." *Id.* Finjan's contentions leave Zscaler in the dark as to what part of its product transmits mobile protection code and infringes the claims. Finjan has not met its "obligation to map specific elements of Defendant[']s[] alleged infringing products onto the Plaintiff's claim construction." *Finjan*, 2015 WL 1517920, at *7 ("At a minimum, Finjan was required to expressly discuss the particular claim elements identified in each Claim and map those elements onto the features of the allegedly infringing products. . . . Neither the Court nor the Defendant[] should be required to guess which aspects of the accused products allegedly infringe each claim element.").

### B. The '780 Patent

Claim 1 of the '780 patent claims a system comprising of both (1) a communications engine, which obtains a downloadable that includes references to software components required to be executed by the downloadable; and (2) an ID generator, coupled to the communications engine, which fetches software components identified by those references and performs a hashing function to generate an ID for the downloadable. ECF No. 61 at 8-9. Finjan's contentions provide that each, or a combination of each, of Zscaler's accused products (the Cloud Sandbox, Cloud

---

[1] API stands for "application programming interface."

1  Architecture, and Zulu URL Risk Analyzer) act as the communications engine – and the very
2  same set of products, individually or collectively, also act as the ID generator. *Id.* at 9-10. Zscaler
3  argues that Finjan's contentions fail to explain which particular parts of its products make up the
4  separate communications engine and ID generator. *Id.*

5  Finjan points to many pages of contentions which it believes explain how Zscaler's
6  products carry out the elements of the claims. ECF No. 65 at 10. But these pages consist of little
7  more than the text of the patent, followed by text copied verbatim from Zscaler's general
8  marketing materials, without any explanation as to how the products featured in the marketing
9  materials constitute a structure, act or material that carries out the claims. *Finjan*, 2015 WL
10 1517920, at *2; ECF No. 61-3 at 54; *id.* at 58-59. The same is true of Finjan's contentions for the
11 ID generator. ECF No. 61-3 at 68-69. For example, one contention describes that Zscaler's Cloud
12 Sandbox is an ID generator coupled to the communications engine which performs a hashing
13 function on the downloadable and fetched software components. ECF No. 61-3 at 76 (copying the
14 patent text). The contention goes on to describe that the sandbox report assigns a hash ID, but it
15 does not describe that, or in what way, the ID generator is coupled with the communications
16 engine. *Id.* at 76-77. Finjan's claims chart merely "provide[s] generic allegations that do not
17 identify specific . . . components [of the product or products] that reportedly correspond to the
18 claims limitation . . . in a manner that gives defendant fair notice as to where the alleged infringing
19 [products] are locat[ed]. Instead [Finjan] simply repeats the same generic descriptions and cuts-
20 and-pastes them beside each element of every claim." *Bender v. Infineon Techs. N. Am. Corp.*,
21 No. C09-02112JW (HRL), 2010 WL 964197, at *2 (N.D. Cal. Mar. 16, 2010).

### C. The '494 Patent

Claim 10 of the '494 patent claims a downloadable scanner coupled with a receiver which receives an incoming downloadable and derives security profile data for that downloadable, including a list of suspicious computer operations the downloadable may attempt. ECF No. 61 at 10. Zscaler argues that Finjan's contentions fail to explain what elements of its products list suspicious computer operations. *Id.* at 11. While Finjan points to a contention which lists suspicious operations that Zscaler's sandbox product can recognize, the contention fails to connect

1    that list to any downloadable scanner coupled with a receiver. ECF No. 61-4 at 26. The

2    contention does not constitute a "narrative explanation of how the product group infringes" and is

3    accordingly insufficient. *Implicit Networks Inc. v. Hewlett-Packard Co.*, No. C 10-03746 SI, 2011

4    WL 3954809, at *2 (N.D. Cal. Sept. 7, 2011).

**D.     The '305 Patent**

Finally, claim 1 of the '305 patent claims a network interface housed within a computer, which receives incoming content from an internet application running on the computer, and a database of parser and analyzer rules also stored on that computer. ECF No. 61 at 12-13. The patent therefore claims a computer which contains all three of: a network interface, an internet application, and a dataset of parser and analyzer rules. Zscaler's contentions fail to describe any product that is, or contains, a computer which does all three. For example, one contention explains that Zscaler's ZEN product is a computer, and simultaneously an internet application – but fails to describe how the product contains a network interface and dataset of parser and analyzer rules. ECF No. 61-5 at 8. Finjan points to another contention which explains that Zscaler's Cloud Sandbox contains a threat database that includes parsing rules to sort conditions as token patterns capable of being parsed by the product. *Id.* at 13. While this contention details the parser element, it does not explain how the product also contains a network interference and internet application. *See also id.* at 18 (explaining similarly that a product parses but failing to describe a network interface and internet application). Because the contentions fail to specifically identify what portion of Zscaler's specific product or products disclose a computer containing all three of a network interface, internet application, and dataset, the contentions are inadequate. *See Tessenderlo*, 2012 WL 1253178, at *2 ("Broad inferences cannot stand in place of factual information.").

/ / /

/ / /

/ / /

/ / /

/ / /

**CONCLUSION**

Zscaler's motion to compel more specific infringement contentions is GRANTED. Pursuant to the paries' agreement, Finjan must file amended contentions within 45 days of the issuance of this order. Zscaler's unopposed request to amend its invalidity contentions and claim construction positions 30 days later is also GRANTED.

**IT IS SO ORDERED.**

Dated: August 31, 2018



JON S. TIGAR
United States District Judge