UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>ZSCALER, INC.,<br><br>        Defendant. | Case No. 17-cv-06946-JST (KAW)<br><br>**ORDER REGARDING JOINT DISCOVERY LETTER; TERMINATING UPDATE; DENYING MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 102, 106, 111 |

Plaintiff Finjan, Inc. filed the instant complaint against Defendant Zscaler, Inc., asserting patent infringement. (Compl., Dkt. No. 1.) On January 23, 2019, the parties filed a joint discovery letter regarding Plaintiff's production of confidential business information from third parties. (Discovery Letter, Dkt. No. 102.) On February 4, 2019, Plaintiff incorrectly filed an update as a pending motion. (Plf.'s Update, Dkt. No. 106.) On February 6, 2019, Defendant filed an administrative motion to strike Plaintiff's update. (Def.'s Mot. to Strike, Dkt. No. 111.)

Having reviewed the parties' filings, the Court GRANTS IN PART and DENIES IN PART the relief sought in the January 23, 2019 joint discovery letter, TERMINATES the February 4, 2019 discovery letter, and DENIES Defendant's motion to strike as moot.

## I. BACKGROUND

On April 12, 2018, Defendant served requests for the production of documents from other litigation Plaintiff was engaged in involving overlapping patents, including transcripts of Plaintiff's witness testimony, expert reports and declarations regarding claim construction and invalidity, and Plaintiff's damages reports. (Discovery Letter at 1.) Plaintiff refused to produce documents to the extent they contained confidential information from third parties. (*Id.*)

On June 19, 2018, the presiding judge approved the parties' amended stipulated protective

order. (Stipulated Protective Order, Dkt. No. 50.) The stipulated protective order states, in relevant part:

> (b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information then the Party shall:
>
> 1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;
>
> 2. promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and
>
> 3. make the information requested available for inspection by the Non-Party.
>
> (c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.

(Protective Order ¶ 11.)

On June 20, 2018, the presiding judge held a case management conference, during which Plaintiff "agree[d] to contact third parties regarding production of confidential business information per the parties' stipulated protective order." (Dkt. No. 51 at 1.) Plaintiff then identified fourteen third parties whose confidential business information could be subject to production. (Discovery Letter at 2.) On July 18 and 19, 2018, Plaintiff e-mailed the fourteen third parties to determine which documents the third parties were willing to produce. (*Id.* at 2, 5.) Defendant was copied on each of the e-mails, and would explain to Plaintiff and the third parties what it was seeking. (*Id.*) Defendant contends, however, that Plaintiff is still withholding responsive documents from at least six past or parallel litigations. (*Id.*)

On January 23, 2019, the parties filed a joint discovery letter, in which Defendant requests that the Court: (1) order Plaintiff to identify responsive documents that it continues to withhold,

1  (2) provide notice to any implicated third party that they have fourteen days to seek a protective
2  order, and (3) order Plaintiff to produce all documents if the non-party does not file a motion for a
3  protective order. (Discovery Letter at 3.)

On February 4, 2019, Plaintiff filed an update as a discovery letter, stating that third-parties Cisco and Eset had authorized it to produce certain confidential information. (Update at 2.) On February 5, 2019, Defendant e-mailed Plaintiff, asking them to stipulate to a motion to strike the update from the docket. (Def.'s Mot. to Strike, Exh. 2 at 1.) Plaintiff responded that they were willing to meet and confer to discuss a joint update, and to withdraw the current update. (*Id.*) Defendant replied that it would "consider" submitting a joint update if Plaintiff first provided a date certain for the production of documents from Cisco and Eset and identified which responsive documents Plaintiff continued to withhold. (Def.'s Mot. to Strike, Exh. 3.) The parties were unable to come to an agreement, and on February 6, 2019, Plaintiff filed a motion to strike the update. On February 11, 2019, Defendant filed its opposition to Plaintiff's motion to strike. (Def.'s Opp'n, Dkt. No. 112.)

## II. DISCUSSION

### A. Update and Motion to Strike

The Court finds that Plaintiff improperly filed the update as a pending motion; as Plaintiff admits, the update is not a motion that seeks relief and does not raise any new discovery disputes, but instead, simply provides an update as to an existing dispute. (*See* Def.'s Opp'n at 2.) Accordingly, the Court TERMINATES the update. Because the Court terminates the update, the Court DENIES Defendant's motion to strike as moot.

In the future, the parties shall meet and confer, and file a joint update **only** if necessary to assist the Court's decision. The update shall not be filed as a pending motion. Further, the parties should not condition the filing of a joint update on the provision of certain relief; if the parties cannot agree as to the content of the update, they shall state their respective positions.

### B. Confidential Information

As an initial matter, the parties do not agree which third parties Defendant is still seeking information from. Defendant asserts that documents are being withheld "from at least six past or

3

parallel litigations." (Discovery Letter at 2.) Plaintiff states that Defendant had represented that the dispute was related to only six third parties, and that the meet and confer was therefore limited to those six entities. (Discovery Letter at 4 n.7.) Plaintiff further states that the remaining third parties already "produced information and/or objected to some of the overbroad categories that [Defendant] requested," and that Defendant had "reached an agreement with many on the scope of their confidential information to be produced." (*Id.* at 5.) Defendant does not dispute Plaintiff's characterization that the meet and confer was limited to the six third parties, or that it has already come to an agreement with the remaining third parties. (*See id.* at 4.) The Court, however, finds it efficient to address this dispute to the extent there are any remaining third-party documents to be produced.

The parties' primary dispute is what Plaintiff's obligations are under the stipulated protective order. The Court agrees with Plaintiff that the stipulated protective order does not require Plaintiff to produce the third parties' designated confidential business information, even if the third parties have not filed a motion for a protective order. Instead, the stipulated protective order states that Plaintiff "**may** produce the Non-Party's confidential information responsive to the discovery request." (Stipulated Protective Order ¶ 11(c) (emphasis added).)

Although the permissive language in the protective order does not require Plaintiff to produce the third parties' designated confidential business information, the Court finds that Plaintiff still has an obligation to cooperate in discovery. Moreover, the purpose of providing the third parties with notice about the third parties' protected material to be produced "is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued." (Stipulated Protective Order at 15 n.3.) Its purpose is not to excuse production indefinitely, even if the third parties take no action or position.

Accordingly, the Court ORDERS Plaintiff to, within ten days of this order, identify for Defendant the categories of documents that Plaintiff is still withholding as confidential for each of the third parties, *i.e.*, prior art, invalidity contentions, invalidity expert reports, deposition transcripts of experts relating to invalidity, licensing agreements, etc. The parties shall then

4

immediately meet and confer in good faith with the third parties to determine which documents Defendant still requires, and whether the parties and third parties can come to an agreement as to production. Plaintiff shall provide a copy of this order to each of the third parties during the meet and confer process. If the parties and third parties are unable to come to an agreement, the third parties shall file a motion for a protective order within thirty days of the date of this order, absent a request for an extension of time. If the third parties do not file a motion for a protective order or a request for an extension of time, Plaintiff shall produce the requested documents as "confidential or "highly confidential - attorney's eyes only."

IT IS SO ORDERED.

Dated: February 25, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge