United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ZSCALER, INC.,<br><br>    Defendant. | Case No. 17-cv-06946-JST (KAW)<br><br>**ORDER REGARDING JOINT DISCOVERY LETTER**<br><br>Re: Dkt. Nos. 117 |

Plaintiff Finjan, Inc. filed the instant suit against Defendant Zscaler, Inc., alleging patent infringement. (Compl., Dkt. No. 1.) On March 21, 2019, the parties filed a discovery letter concerning Defendant's third set of interrogatories. (Discovery Letter, Dkt. No. 117.) Having reviewed the letter and the relevant legal authorities, the Court GRANTS IN PART and DENIES IN PART the relief sought.

## I. LEGAL STANDARD

The Federal Rules of Civil Procedure broadly interpret relevancy, such that each party has the right to the discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Discovery need not be admissible to be discoverable. *Id.* The court, however, "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Furthermore, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or

United States District Court
Northern District of California

1 undue burden or expense," including by precluding discovery, by conditioning disclosure or

2 discovery on specified terms, by preventing inquiry into certain matters, or by limiting the scope

3 of discovery to certain matters. Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on

4 the trial court to decide when a protective order is appropriate and what degree of protection is

5 required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

## II. DISCUSSION

### A. Interrogatory No. 12

Defendant's Interrogatory No. 12 states:

> Separately for each claim of the Finjan Patents-in-Suit, describe in detail the conception and reduction to practice of the claim, including an identification of the date of first conception, the date of first reduction to practice, the basis for your contention, if any, of diligence in reducing the invention to practice, and an identification of every person involved in the conception and/or reduction to practice of the claimed invention, their role in the conception and/or reduction to practice of that invention, and all documents that can corroborate or contradict such conception, reduction to practice, and diligence.

(Discovery Letter at 1.)

First, the parties dispute whether Plaintiff adequately identified the date of conception for the '633 patent by providing a range, rather than a specific date. (Discovery Letter at 1.) Specifically, in response to Interrogatory No. 12, Plaintiff asserted that "the date of conception . . . began January 29, 1997, and continued through May 17, 2000." (Discovery Letter, Exh. A at 11.)

The Court finds that a range of over three years is not an adequate response. In general, courts in this district have held that the Patent Local Rules "require[] a patent holder to assert a specific date of conception, not a date range." *Harvatek Corp. v. Cree, Inc.*, Case No. 14-cv-5353-WHA, 2015 WL 4396379, at *2 (N.D. Cal. July 17, 2015); *Blue Spike, LLC v. Adobe Sys., Inc.*, Case No. 14-cv-1647-YGR (JSC), 2015 WL 335842, at *7 (N.D. Cal. Jan. 26, 2015) ("This rule requires a patentee to assert a particular date--not a start date, end date, or date range."). Courts have applied this requirement to interrogatory responses in patent cases. *E.g.*, *OpenTV, Inc. v. Apple Inc.*, Case No. 15-cv-2008-EJD (NC), 2016 WL 3196643, at *2 (N.D. Cal. June 9, 2016) (striking conception dates in interrogatory responses where the patentee failed to identify a

2

specific conception date). In *Harvatek*, the district court explained that an uncertain conception date was prejudicial because it prevented the defendant from "focus[ing] its discovery efforts on a specific conception date." *Harvatek Corp.*, 2015 WL 4396379, at *2. Thus, the "failure to identify a specific conception date has allowed [the plaintiff] to reverse the order of the procedure contemplated by our Patent Local Rules, giving it a preview of [the defendant's] invalidity contentions before offering a concrete conception date." *Id.* Moreover, the purpose of the Patent Local Rules was "to require patent holders to crystallize their theories of the case early in the litigation, which heads off the possibility of abuse in the form of theories contrived to get behind later disclosed prior art." *Id.* at *3 (internal quotation omitted). By failing to state a specific date of conception, the plaintiff had "brought about the 'shifting sands' that our Patent Local Rules were designed to prevent." *Id.*

Plaintiff points to two cases where the district court permitted the patentee to identify a date or dates of conception or reduction to practice. *See Boston Scientific Corp. v. Micrus Corp.*, Case No. 04-4072-JW (RS), 2007 WL 174475, at *3 (N.D. Cal. Jan. 22, 2007) (allowing the patentee to identify "the approximate date or dates of actual reduction to practice it intends to assert"); *West v. Ultimate Metals Co.*, Case No. 13-cv-3651-WHO (MEJ), 2014 WL 466795, at *2 (N.D. Cal. Feb. 3, 2014) ("If West believes in good faith that he is unable to state a specific date or dates, he shall state with clarity the approximate date or dates of conception he intends to claim in this action."). Neither case, however, permitted a range of dates, let alone a three-year range. Accordingly, Plaintiff is ordered to file an amended response, which identifies a specific date or dates of conception that Plaintiff intends to assert.

Second, Defendant asserts that Plaintiff has not adequately identified who the inventors of the '494 patent are for the relevant claims because Plaintiff's response includes "a generic statement that all four named inventors 'were involved with, and may have knowledge related to the conception and reduction to practice of claims of the '494 Patent.'" (Discovery Letter at 2.) The Court disagrees. While Plaintiff's response does generally identify these four individuals, its response goes on to state that Mr. Shlomo Touboul submitted a declaration stating that '494 patent Claims 10 and 14 -- the claims asserted in this case -- were his sole invention. (*See* Discovery

3

Letter, Exh. A at 12.) This is sufficient to make clear that Mr. Touboul is the only inventor of Claims 10 and 14.

### B. Interrogatory No. 13

Defendant's Interrogatory No. 13 states:

> For each and every license, settlement agreement or other agreement granting rights to the Patents-in-Suit or Related Patents (alone or as part of a portfolio) Finjan has entered into, describe in detail on a license-by-license basis (and, where available, patent-by-patent basis) the actual or effective royalty base (i.e., the revenue earned for licensed or released products) covered by or subject to that agreement, including by providing a chart that includes the columns (1) parties to the license, (2) licensed patents, (3) actual or effective royalty base for each patent, where available, (4) total actual or effective royalty base for the agreement, (5) how the royalty base was determined, (6) for each licensed patent or group of patents, the incremental value contributed by the patented invention to the royalty base, (7) license structure (e.g., whether the license was a lump sum payment or a running royalty), and (8) the portion of payments made in satisfaction of the agreement that was or cab [sic] be attributed to any particular patent or group of patents.

(Discovery Letter at 2-3.) It appears Defendant is no longer requesting the chart. Rather, the primary dispute is whether Plaintiff has provided the "actual or effective royalty base," and adequately identified the documents from which Defendant can identify the royalty-related information requested by parts (3), (4), (5), (6), and (8). (*Id.* at 3.)

Plaintiff responds that the royalty base is not a constant number because negotiations change. (Discovery Letter at 3.) It is unclear, however, how this prevents Plaintiff from stating the actual or effective royalty base of the licenses it entered into; the fact that a number may change during negotiations does not affect Plaintiff's ability to identify the actual or effective royalty base that the parties ultimately agreed to. Accordingly, Plaintiff is ordered to file an amended response which identifies the actual or effective royalty base as requested.

Further, as to the identification of documents, Plaintiff contends that it has identified 9,805 pages relating to its 27 licenses. (Discovery Letter at 4.) Defendant, however, explains that many of these pages "include documents having no apparent connection to the subject matter of this interrogatory, such as pages of redacted infringement contentions." (*Id.* at 3.) This is not adequate. Plaintiff shall narrowly identify the pages, so that it is specifically tailored to

4

Defendant's request.

**C. Interrogatory No. 14**

Finally, Interrogatory No. 14 states:

> If You contend that, during the prosecution of any of the Patents-in-Suit, Finjan did not intentionally delay in petitioning the USPTO for a delayed claim of priority, describe in detail the basis for that contention by a full description of all facts (including documents and persons with knowledge) and reasons supporting such contention, including without limitation, a full explanation for the timing of Finjan's petition, an identification of all individuals involved in the decision to petition the USPTO, and an identification of the reason, if any, Finjan contends it could not or did not need to file the petition sooner.

(Discovery Letter at 4-5.)

First, Defendant contends that Plaintiff failed to provide an explanation for the timing of Plaintiff's petition as to the '494 patent, as well as a reason for why Plaintiff could not or did not need to file the petition sooner. The Court agrees. In its response, Plaintiff states that it filed a petition correcting the priority claim of the '494 patent in October 2012, which stated that the delay was "unintentional." (Discovery Letter, Exh. A at 18.) Plaintiff further explains that this petition was filed to perfect its priority claim chain related to a parent patent. (*Id.* at 18-19.) This response, however, does not explain why there was a delay in the priority claim to begin with. Plaintiff must provide a supplemental response that explains why it believes the delay was unintentional.

Second, Defendant states that Plaintiff provides no response as to the '633 patent. (Discovery Letter at 5.) Plaintiff does not dispute this, and states that it will provide a supplemental response that includes a statement that Plaintiff filed a certificate of correction to the '633 patent to correct a typographical error in its priority chain. (*Id.*) To the extent there is any claim of unintentional delay, however, Plaintiff must also explain the reasons and circumstances for the delay.

### III. CONCLUSION

For the reasons stated above, the Court ORDERS that:

1. Plaintiff identify a date or date(s) of conception for the '633 patent in response to

Interrogatory No. 12;

2. Plaintiff identify the actual or effective royalty base, as well as a narrowed set of documents responsive to Interrogatory No. 13;

3. Plaintiff explain why they did not believe any delay was unintentional as to the '494 patent and the '633 patent.

The Court finds that Plaintiff has sufficiently identified the inventor of the '494 patent claims 10 and 14.

IT IS SO ORDERED.

Dated: April 9, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge