UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>   Plaintiff,<br><br> v.<br><br>ZSCALER, INC.,<br><br>   Defendant. | Case No. 17-cv-06946-JST (KAW)<br><br>**ORDER REGARDING JOINT DISCOVERY LETTER**<br>Re: Dkt. No. 119 |

Plaintiff Finjan, Inc. filed the instant suit against Defendant Zscaler, Inc., alleging patent infringement. (Compl., Dkt. No. 1.) On March 21, 2019, the parties filed a discovery letter concerning Plaintiff's Requests for Production of Documents ("RFPs"). (Discovery Letter, Dkt. No. 119.) Having reviewed the letter and the relevant legal authorities, the Court GRANTS IN PART and DENIES IN PART the relief sought.

## I. BACKGROUND

Plaintiff owns patents related to security technologies that detect malware. (Compl. ¶ 7.) Defendant creates products and services using Defendant's Internet Access Bundles, Private Access Bundle, Zscaler Enforcement Node ("ZEN"), Secure Web Gateway, Cloud Firewall, Cloud Sandbox, and Cloud Architecture products, services, and technologies. (Compl. ¶ 26.) Plaintiff alleges that Defendant's products and services infringe upon its patents. For example, Plaintiff accuses Defendant's ZEN technology of infringing its '780 patent, which concerns, in part, the performance of a hashing function on a downloadable and the fetched software components to generate a downloadable ID. (Compl. ¶¶ 41-43.) Plaintiff also accuses Defendant's Cloud Sandbox technology of infringing its '633 patent, which involves determining if downloadable information includes executable code and transmitting that code to an information destination for

processing within a "sandbox." (Compl. ¶ 58.)

On January 15, 2019, Plaintiff served RFP Nos. 88-111, which seek discovery responses, deposition transcripts, infringement contentions, motions and briefing, expert reports and declarations, and hearing or trial transcripts from other patent litigations regarding Defendant's accused products. (Discovery Letter at 1.) These other patent litigations include, for example, pending litigation with Symantec in which Symantec accuses Defendant's ZEN technology of infringing patents that perform hashing functions on incoming malware, and Defendant's Cloud Sandbox technology of infringing patents that execute suspicious files in a virtual environment to record their operation. (*Id.* at 1-2.) Plaintiff does not identify any other patent litigations with Defendant or patents at issue in those litigations.

Defendant has offered to produce infringement, invalidity, and damages contentions from *Symantec v. Zscaler*, and has already agreed to produce its own discovery responses in the *Symantec* litigation regarding the structure, function, or operation of the accused products. (Discovery Letter at 5 nn.4-5.) Plaintiff still seeks all discovery responses, deposition transcripts, infringement contentions, briefing or motions, expert reports or declarations, and hearing or trial transcripts that relate to the products accused in the instant case from any of Defendant's prior or co-pending patent litigation. (Discovery Letter at 3.)

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure broadly interpret relevancy, such that each party has the right to the discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Discovery need not be admissible to be discoverable. *Id.* The court, however, "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Furthermore, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or

undue burden or expense," including by precluding discovery, by conditioning disclosure or discovery on specified terms, by preventing inquiry into certain matters, or by limiting the scope of discovery to certain matters. Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

### III. DISCUSSION

The parties' primary dispute is whether the documents sought by Plaintiff are relevant to the claims in this case. Defendant argues that the Court should apply the technological nexus standard to determine if documents from parties' other litigation should be produced. (Discovery Letter at 4.)

The technological nexus standard was developed by Judge Grewal in *Apple Inc. v. Samsung Electronics Communications Inc.*, based on his finding that "with regards to discovery of documents from other litigation, the appropriate standard for determining the relevance of documents from those other cases turn[s] on the similarity between the patents in the disputes." *Apple Inc. v. Samsung Elecs. Co.*, Case No. 12-cv-630-LHK (PSG), 2013 WL 3246094, at *20 (N.D. Cal. June 26, 2013). Under this standard, "the other case must involve 'the patents-in-suit or patents covering the same or similar technologies, features, or designs as the patents-in-suits." *Id.* Thus, the "starting point of the 'technological nexus' inquiry is the patents at issue, not the products at issue. And so, to ascertain the degree to which the technology overlaps, the necessary comparison here is between the patents involved in this case and the patents in the earlier disputes." *Id.* Judge Grewal, however, explained "that the technological nexus standard is not a substitute for the relevance inquiry under Fed.R.Civ.P. 26(b) but rather is shorthand for the balancing inquiry in which the court ordinarily must engage." *Id.* If the patents in the two cases have "a high degree of similarity . . . the court is justified in presuming the documents produced in litigation involving such similar patents falls within the broad scope of relevance under Rule 26(b)." *Id.* Judge Grewal cautioned, however, that a failure to meet the technological nexus standard "does not preclude discovery from other litigation. The party seeking discovery instead must show that each category of documents it seeks is relevant under the traditional Rule 26(b)

3

standard." *Id.*

The technological nexus standard does not apply in this case. As Plaintiff points out, the technological nexus standard is a shorthand test that, if met, allows the court to presume that all documents produced in the other litigation are relevant under Rule 26(b). (*See* Discovery Letter at 3.) Here, Plaintiff does not seek all documents from other litigation, but certain categories of documents. Thus, Plaintiff need not satisfy the technological nexus standard.

The Court, however, finds that Plaintiff has failed to show that all of the documents it seeks are relevant. Significantly, Plaintiff does not show that every other litigation involving Defendant's accused products has any relation to the instant dispute. While Plaintiff points to two other patent litigations between Symantec and Defendant that involve two patents with similar functionality to Plaintiff's patents, Plaintiff provides no information about other patents in the Symantec litigation, and does not identify any other litigation. (Discovery Letter at 1-2.) Instead, Plaintiff argues that the information it seeks is relevant because the litigation involve the same accused products. In support of its argument, Plaintiff points to the Court previously allowing Defendant to obtain similar documents from Plaintiff's other litigation involving the same patents as the instant case. (Discovery Letter at 2; *see also* Dkt. No. 114 (Feb. 25, 2019 Ord.).)

The Court disagrees. First, the focus of the parties' prior dispute and the Court's order was the parties' obligations under the stipulated protective order in producing third-party designated confidential information. (*See* Feb. 25, 2019 Ord. at 3-5.) Second, the information sought is not analogous. Defendant previously stated it needed information from Plaintiffs' other litigation because it needed to know how Plaintiff asserted its patents; thus, Plaintiff argues that "[b]y the same token, [Plaintiff] is entitled to know how a 3rd party asserts that [Defendant's] accused products work, because that information shows the functionality of those products." (Discovery Letter at 2.) How a *third party* views how Defendant's accused products work is not, however, comparable to how *Plaintiff* asserts its own patents. Plaintiff's prior statements regarding its patents is relevant to the case, whereas a third party's view of how Defendant's product may function has no apparent impact on either party's assertions. This is made clear by Plaintiff's own position, as Plaintiff states that it seeks the documents at issue "because they are [Defendant]'s

4

admissions from other patent lawsuits regarding the same products at issue in this case," including "statements regarding the functionality of its accused products." (Discovery Letter at 1.) Plaintiff fails to explain why a third party's views of the functionality of Defendant's products would affect Defendant's prior admissions or be otherwise discoverable under Rule 26(b). This is particularly the case if the patents at issue are not comparable to the patents in the instant case. A functionality that infringes on one patent may be irrelevant to a functionality that infringes on a completely different patent, even if both functionalities are performed by the same accused product.

This is not to say that Plaintiff's RFPs must be denied in their entirety. Defendant has already agreed to produce Defendant's discovery responses in the *Symantec* litigation regarding the structure, function, or operation of the accused products, and stated that it is willing to produce infringement, invalidity, and damages contentions as well. (Discovery Letter at 5 nn.4-5.) The Court ORDERS Defendant to produce these documents. The Court also ORDERS Defendant provide deposition transcripts, expert reports, or declarations from its own witnesses that relate to the accused products' functionality, to the extent that functionality is related to patents that are similar to the patents in the instant case (*i.e.*, the hashing functions and the execution of suspicious files in a virtual environment). Such information is relevant to the case, as it involves similar functionality and patents. Plaintiff has failed to show that the other categories of documents are relevant to this case.

### IV. CONCLUSION

For the reasons stated above, the Court ORDERS Defendant to produce the documents listed above.

IT IS SO ORDERED.

Dated: April 9, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge